[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
The State of Ohio brings this appeal from the order of the Hamilton County Court of Common Pleas, journalized October 25, 1999, granting the application of the defendant-appellee, Craig Romer, for expungement of his conviction in the case numbered B-9405379 upon the docket of that court.
The singular assignment of error is that the court erred in expunging Romer's conviction because his offense required the imposition of a term of actual incarceration and therefore, in law, could not be expunged. We agree and, accordingly, hold the assignment to be well taken.
On October 25, 1994, Romer was eighteen years of age, but had been bound over previously, as a juvenile, to the grand jury. On that date, he appeared with retained counsel and entered his plea of guilty, pursuant to a bargain with the prosecution, to one count of aggravated trafficking. A second count was dismissed. The colloquy with the court establishes unequivocally that Romer entered his plea intelligently and voluntarily with a clear understanding of the following:
The Court: This is a felony of the third degree with eighteen months actual incarceration. That means I could sentence you up to eighteen months — or two years and by law I have no choice but to sentence you to a minimum of eighteen months and no matter what you will have to serve that eighteen months less whatever good time that you get and without any hope of probation.
Romer was sentenced accordingly on November 30, 1994, and his application to expunge his conviction was filed, with counsel, on September 17, 1999.
When the court addressed itself to Romer before accepting the plea of guilty, it had been advised by the prosecutor of these facts:
 Your Honor, this occurred on April 15, 1994 at 7:15p.m. at 3130 Newton Road. The defendant had 303 unit doses of LSD which is over three times bulk on his person. He was to have sold it to a confidential informant.
The prosecutor explained that the charges had been reduced because Romer had cooperated with the police and they had recommended the plea bargain. When Romer appeared to be sentenced, his father spoke on his behalf and questioned "the justice" of sentencing his son to prison because of his youth, his nonviolent nature, and his efforts to overcome a drug dependency of an unstated nature. In response, the court observed that, in the absence of any criminal record other than, apparently, minor infractions as a juvenile, Romer "could get this record expunged." The court added, "I will be the judge and I'm telling you right now I will expunge it."
When the matter was before the same jurist on October 25, 1999, Romer was twenty-three and had, other than a minor misdemeanor, committed no further offenses. The prosecutor opposed expungement because Romer "was convicted of an offense which did include mandatory incarceration," and that Romer had understood when he pleaded guilty that he was not eligible for expungement. The court, however, ordered the conviction expunged after stating,
Well, I was under the impression and I think everybody else was that he was eligible if he didn't have any record subsequent to that [sic].
R.C. 2953.36 provides, inter alia, that R.C. 2953.31
to 2953.35 do not apply to convictions when the offender is subject to a mandatory prison term. Romer's application for expungement was made, expressly, pursuant to R.C. 2953.32. Therefore, the court was prohibited by statute from expunging Romer's conviction. No matter how well intentioned, the court could not promise or deliver what the law denied it the authority to do.
Therefore, the judgment of the Hamilton County Court of Common Pleas is reversed and its order journalized October 25, 1999, is hereby set aside and held for naught.
 ______________________________ GORMAN, PRESIDING JUDGE
 SUNDERMANN and SHANNON, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.